UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SARA ANDREA AVEDANO-AGUILAR,

Petitioner,

v.

WARDEN, ADELANTO DETENTION FACILITY, et al.,

Respondents.

No. 5:26-cv-00496-SSS-BFM

**ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS**

Before the Court is Petitioner Sara Andrea Avedano-Aguilar's Petition for Writ of Habeas Corpus. (ECF 1.) Respondents filed their Answer to the Petition. (ECF 6.) For the following reasons, the Court grants the Petition.

Petitioner is a Peruvian foreign national who has been in immigration detention since December 17, 2025. (ECF 1 ¶ 20.) Petitioner is currently detained at the Adelanto Detention Center in Adelanto, California, is in removal proceedings, and was denied the opportunity to have a bond hearing and be released on bond. (ECF 1 ¶¶ 3-6, 13.)

On February 4, 2026, Petitioner filed a counseled petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 seeking release from immigration

detention, or alternatively, a bond hearing under 8 U.S.C. § 1226(a) within seven days. (ECF 1 at 7.) Petitioner alleges that her continued detention violates the Immigration and Nationality Act. (ECF 1 ¶¶ 27-32.)

Respondents concede that Petitioner appears to be a member of the Bond Eligible Class certified by this Court in *Maldonado Bautista* and that Petitioner's claims regarding entitlement to a bond hearing are subject to the *Maldonado Bautista* judgment. (ECF 6 at 2.)

The troubling circumstances surrounding the refusal by executive agencies to provide those in the Bond Eligible Class with bond hearings are familiar to this Court. Indeed, this Court has already found DHS's policy of denying bond hearings to individuals like Petitioner contrary to the INA. *See Maldonado Bautista v. Santacruz*, No. 5:25-CV01873-SSS-BFM, 2025 WL 3713987, at *8-*22 (C.D. Cal. Dec. 18, 2025); *see also Huerta Estrada et al. v. Noem et al.*, No. 5:25-CV-03271-SSS-BFM, 2025 WL 3691473, at *3–4 (C.D. Cal. Dec. 10, 2025) (granting petitioner's TRO based upon DHS withholding protections that petitioners "would have otherwise been afforded under § 1226(a)."); *Salgado Valenzuela v. Semaia*, 5:25-cv-02853-SSS-RAO (C.D. Cal. Nov. 25, 2025) (granting a petitioner's TRO on the same issue).

As Respondents concede that Petitioner is a class member entitled to a bond hearing under the reasoning of *Maldonado Bautista*, the Court **grants** the petition for the reasons stated in the orders in that case. *See Maldonado Bautista*, 2025 WL 3713987, at *8-22.

Accordingly, it is ORDERED THAT:

(1) The Petition for a Writ of Habeas Corpus (ECF 1) is granted as to Petitioner's claim under *Maldonado Bautista*;

(2) Respondents are enjoined from continuing to detain Petitioner unless he is provided with individualized bond hearings before an immigration judge pursuant to 8 U.S.C. § 1226(a) within 7 days of the

date of this Order.[1] DATED:

February 19, 2026

_____

HONORABLE SUNSHINE S. SYKES
UNITED STATES DISTRICT JUDGE

---

[1] It is well-established in the Ninth Circuit that the Government bears the burden of showing by clear and convincing evidence whether Petitioner poses a flight risk or danger to the public. *See Rodriguez Diaz v. Garland*, 53 F.4th 1189, 1200 (9th Cir. 2022). Therefore, the Court requires that the Immigration Judge properly place the burden of proof on Respondents.